92 So.2d 629 (1957)
Ruth WADLINGTON, Appellant,
v.
Dorothy Wadlington EDWARDS, Appellee.
Supreme Court of Florida, Special Division A.
February 13, 1957.
Rehearing Denied March 7, 1957.
*630 Hal H. McCaghren, West Palm Beach, for appellant.
Alley & Maass and Doyle Rogers, Palm Beach, for appellee.
THORNAL, Justice.
Appellant, Ruth Wadlington, who was plaintiff below, seeks reversal of a summary final decree in favor of appellee, Dorothy Wadlington Edwards, defendant below, in a proceeding wherein appellant sought the adjudication of a constructive trust in real estate.
The determining points are whether a constructive trust once existed and if so whether the requested relief was barred by laches grounded on the Statute of Limitations.
According to the complaint the appellant, Ruth Wadlington, acquired the beneficial interest in the land in dispute by deed dated October 30, 1934. The complaint alleges that title was taken in the name of appellant's late husband, Jack G. Wadlington. She claims that the purchase price was paid with funds out of her own separate estate. She alleges that title was taken in her husband's name "against the will of the plaintiff and without her knowledge or consent * * *" The complaint which was filed October 20, 1955, then alleges that by this transaction Jack Wadlington became a constructive trustee of the land with the plaintiff as the beneficiary.
Our problem arises out of the fact that prior to the institution of this suit appellee, Dorothy Wadlington Edwards, instituted a proceeding in the County Judge's Court of Palm Beach County seeking a determination of the heirs of Jack G. Wadlington who died March 21, 1935. By her answer in the County Court proceeding, a copy of which was filed in this cause to support the summary decree, appellant delineated the facts above summarized and stated that she discovered the error only a day or so before the death of her late husband and was in the process of correcting the same when he died. The County Judge concluded that the property involved was the homestead of Jack G. Wadlington when he died intestate March 21, 1935. He further ordered that appellant as his widow was entitled to a life estate with a vested remainder in appellee whom he found to be the only child and lineal descendant of Jack G. Wadlington (by a former marriage). No questions of res adjudicata or estoppel by judgment are tendered here by the assignments of error or questions argued.
The order of the County Judge was followed by this original proceeding in chancery whereby appellant requested the Chancellor to impress a constructive trust on the land thereby liberating the title from the claim of the appellee.
On motion for summary decree, the appellant filed an affidavit setting out the above facts. The Chancellor concluded that the claim of the plaintiff "is barred by the Statute of Limitations" and cited authority for his position. He granted appellee's motion for summary decree and dismissed the complaint. Reversal of his decree is here sought.
Although by her complaint the appellant alleged the existence of a constructive trust, by her brief on appeal she insists that the original transaction created a resulting trust and that the Statute of Limitations would not begin to run until the repudiation of the trust which came about, so she contends, when appellee instituted *631 the proceeding in the County Judge's Court.
The appellee contends that the factual situation produced a constructive trust which according to the authorities she cites is subject to statutes of limitations, and particularly our so-called twenty-year statute precluding an assault on a deed which has been of record for twenty years or more.
Aside from the fact that she is bound by the allegations of her complaint, the situation relied upon by appellant did create the basis for the declaration of a constructive trust.
As distinguished from an express trust, there are two types of so-called implied trusts. One is known as a "resulting trust". The other is known as a "constructive trust". Although some confusion exists as to the distinction between the two, it appears to us that our own decisions make the differences clear and dispose of the confusing elements. A resulting trust is simply a status that automatically arises by operation of law out of certain circumstances. A constructive trust is a remedy which equity applies in order to do justice. In the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent. The typical illustration is where one man furnishes the money to buy a parcel of land in the name of another with both parties intending at the time that the legal title is held by the named grantee for the benefit of the unnamed beneficiary. Sorrels v. McNally, 89 Fla. 457, 105 So. 106; Smith v. Smith, 143 Fla. 159, 196 So. 409; Grable v. Nunez, Fla. 1953, 64 So.2d 154.
By contrast, a constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement either oral or written to create the trust relationship is totally lacking. The trust is "constructed" by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem. Doing v. Riley, 5 Cir., 176 F.2d 449; Seestedt v. Southern Laundry, 149 Fla. 402, 5 So.2d 859; Tillman v. Pitt Cole Co., Fla. 1955, 82 So.2d 672; Restatement of the Law of Trusts, Section 44(1).
It is perfectly clear, therefore, that the Chancellor was on sound ground when he concluded that the situation here involved a constructive trust. The appellant herself alleged that the title was taken in the name of her late husband both by mistake and against her will. Her answer in the county court proceeding was an inescapable admission that she knew of the situation at least prior to the death of her husband which occurred March 21, 1935. She made no move to obtain relief or correct the alleged injustice for more than twenty years; that is, she filed her complaint in this proceeding on October 20, 1955. There is nothing in the record to excuse the delay. All that we have here is a deed of record complete on its face running in favor of Jack G. Wadlington as grantee, the deed having been recorded October 30, 1934.
To protect her rights under this deed the appellee, claiming as a successor to her deceased father, relies on Section 95.23, Florida Statutes, F.S.A., which provides in part that "After the lapse of twenty years from the record of any deed * * * purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed * * * or their successors in title".
Appellant relies on cases holding that a statute of limitations will not run against the rights of a beneficiary as opposed to the trustee in an express trust or in a resulting trust until such time as the alleged trustee denies the trust relationship or otherwise asserts an interest antagonistic to the beneficiary. Appellant then reasons *632 that she was not bound to act until such time as the appellee affirmatively moved to destroy the trust relationship and set up an antagonistic interest.
The difficulty with appellant's position simply is that this rule does not apply to constructive trusts. The obvious reason for the distinction is apparent. A constructive trust has its inception in an antagonistic relationship. It is founded in a situation produced by fraud, undue influence, abuse of confidence or mistake. The rights of the beneficiary as against the antagonistic claims of the trustee under a deed such as the one before us come into being when the deed is recorded or at the earliest when the beneficiary knew or should have known of the adverse claim of the trustee. So it is that here at least shortly prior to the death of her late husband, the appellant by her own admission knew of the existence of the so-called mistake which had come about by the conduct of her husband allegedly against her will.
Some of the decisions state broadly that the claim of a beneficiary under a constructive trust is subject to the bar of the applicable statute of limitations. We think, however, that a preferable statement of the rule would be that in a court of equity the claims of the beneficiary of a constructive trust are subject to the application of the doctrine of laches which may be based on the provisions in statutes of limitations relating to actions at law of like character. This statement of the proposition recognizes that technically in the absence of a statutory provision, equity is not bound absolutely to apply a statute of limitations but in following the law, absent the presence of intervening equities to the contrary, a court of equity will base its application of the doctrine of laches on the provisions of the appropriate statute of limitations. No intervening equity or excuse is shown by the record before us to preclude the application of this rule in the case at bar. Hayes v. Belleair Development Co., 120 Fla. 326, 162 So. 698; Gast v. Engel, 369 Pa. 137, 85 A.2d 403; Tillman v. Pitt Cole Co., supra; Restatement of the Law of Restitution, Sections 148(2) and 179; Scott on Trusts, Vol. 3, Section 462.4.
Applying the foregoing statements of law to the situation at hand it is apparent that under the Florida twenty-year statute of limitations the appellant is barred from asserting any rights to the fee title in the remainder under the deed in dispute. The decree of the Chancellor does not preclude her from continuing to enjoy her rights as widow in the homestead. Upon her death, however, under the order of the County Judge, the remainder in fee will pass to the appellee.
Affirmed.
TERRELL, C.J., and ROBERTS and DREW, JJ., concur.