WALDEN, Chief Judge
(dissenting).
I would affirm the final decree without exception because I can find no basis in fact or law for overruling the final decree and directing the award of the husband’s corporate stock to the wife.
While not stated by the majority, by the process of elimination, the only possible theory whereby such award might be justified would be on the basis of a constructive trust.
What is a constructive trust? It arises by operation of law against one who, by actual or constructive fraud, by duress or abuse of confidence, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience has acquired the legal right to property he ought not, under equitable principles, hold and enjoy. 33 Fla.Jur., Trusts, § 61. See also Wadlington v. Edwards, Fla.1957, 92 So.2d 629.
A constructive trust can only be established by full, clear, strong and unequivocal evidence. It must be shown to exist beyond all reasonable doubt. Especially is the need for clear and convincing proof present when a long period of time has elapsed since the happening of the transaction relied on. 33 Fla.Jur., Trusts, § 124.
And where are such proofs in the case before us ? The chancellor answered in the final decree by saying, “Plaintiff’s claim of special equities in the defendant husband’s estate falls for the reason that the evidence fails to show such special equities.”
Needless to say, the chancellor’s decision is presumed to be correct and deserves *121 great weight in that he had the witnesses before him and was in a superior position to accept or reject, weigh, sift, and reconcile the evidence.
The only fact upon which such a trust could conceivably rest was that the wife in 1962 joined in a deed which conveyed some land to the family corporation.
What was the background for this event? Was it a step in a sinister plot? Did it foretell or demonstrate beyond all reasonable doubt that the husband was embarked upon a course of fraud, duress or unconscionable conduct which would result in a constructive trust as a matter of law?
In 1938 the husband’s father borrowed money and established a trailer park. Thanks to the father’s ingenuity and industry the park business became a success. However, the business structure and practices were extremely loose and nebulous.
The father and his two sons, including the defendant husband, worked in the park but neither the sons nor their wives, including the plaintiff wife, ever invested any money in the business. The wife did some nominal work about the park for which she received a salary of $100.00 per week, and there is no question but that this was abundant compensation for her efforts.
The operation drifted into a partnership arrangement. In 1957 a deed of trust was executed which was, in essence, a partnership agreement. It was agreed that the father contributed all the real and personal property while the sons agreed to contribute their full time and services to the partnership. It mentioned a parole partnership agreement which was in effect before the sons went off to war. It declared that the property that the partnership and participants had accumulated would be held in trust for the partnership. It recited that the parties understood that they took title of record to the property for the full and complete benefit of the partnership.
In 1962 the corporate structure was formed. The sons and their wives signed deeds for property which had been held in their names for the benefit of the partnership and thereby conveyed same to the .family corporation. Its stock was issued to the father and to the two sons. None of the wives received any stock.
For as much as the record shows the wife never questioned this transaction until the institution of divorce proceedings.
Can it be said under these circumstanceg that the chancellor erred in not awarding the wife a portion of the stock? I think not. There is no showing that the wife ever had any interest whatever in the family business, regardless of its form. It is not shown that she furnished the consideration or any part of it when the parcel was originally placed in their joint names. Certainly the transfer of 33 shares of stock in each of the family corporations was not shown to be the consideration for the conveyance of the parcel of land to the corporation. The stock was issued because of the husband’s pre-existing interest in the partnership business and because of the father-son relationship.
While we need not explore all of the possibilities available to the chancellor, he could very well have found the trust not proven under this presentment and he did so announce. He could have believed that the husband and wife held title in trust for the partnership as suggested in the 1957 deed of trust. He could have deemed it a gift.
We are indeed upon the threshold of a new day in domestic relations litigation if automatically and as a matter of law upon divorce each husband will be required to account for and pay to the wife from his estate one-half the value of the lands, measured in a sum equivalent to its present day value, which were the subject of a joint conveyance at any time during the course of marriage.
In sum, then, I repeat that I find no basis for disturbing the final decree.