DANAHY, Acting Chief Judge.
When the appellant’s husband died, she discovered that their marital home was ti- *1212 tied in his name alone and not in their joint names as she had believed. Instead of holding title to the property by right of survivorship, she found that she had only a life, estate pursuant to section 732.401, Florida Statutes (1.991), and that the remainder interest in the property was vested in the appellees, who are her husband’s children from a prior marriage.
The appellant brought this action against the appellees to establish a constructive trust in her favor with respect to the property in question. The appellant’s complaint alleged that she contributed her own cash funds to the construction of the home, to the payment of the mortgage, for maintenance and upkeep of the home, and also to pay the balance due on some lots owned by her husband. The complaint further alleged that the appellant’s husband persuaded her to relinquish any interest in those lots by representing to her that she would receive the marital home upon his death, and that he continued to make representations to the appellant that on his death the appellant would have their home. The appellees took the deposition of the appellant, which supported the allegations of her complaint. Thereafter the trial court granted the appellees’ motion for summary judgment and entered a final summary judgment against the appellant. We reverse.
The appellees defend the summary judgment in their favor on two grounds. First they say that the appellant is required to accept the life estate afforded her by Florida law in this situation, and that for her to gain more by asserting a constructive trust would circumvent the public policy of the State of Florida as reflected in section 732.401 and article X, section 4(c), of the Florida Constitution. The appellees say that, therefore, the appellant is prevented by the constitution and laws of Florida from asserting a constructive trust in the appellees’ remainder interest. But the Florida Supreme Court has expressly recognized that a widow can do just that. Wadlington v. Edwards, 92 So.2d 629 (Fla.1957). In Wadlington the widow established a case which would support the imposition of a constructive trust as to the remainder interest and the court did not indicate that there was any impediment to her right to do so under constitutional and statutory provisions governing the devolution of homestead property. The widow in Wadlington was unsuccessful only because her action was found to be barred by laches.
The appellees’ second argument is that the appellant’s evidence in support of her claim for a constructive trust consists entirely of her testimony of transactions between her and her husband and that testimony is barred by the Dead Man’s Statute, section 90.602, Florida Statutes (1991).[1] However, in opposition to the ap-pellees’ motion for summary judgment, the appellant filed the affidavit of a disinterested party stating that this party had known the appellant and the appellant’s husband for fifteen years and on many occasions had heard the appellant’s husband tell the appellant that when he died, their home would be hers and hers alone. We believe this affidavit is sufficient to defeat summary judgment for the appellees because it indicates that the appellant may be able to produce admissible evidence in support of her claim for relief. If the record of a case reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). The burden is on the appellees to demonstrate conclusively that the appellant cannot prevail. Gomes; Snyder. In this case, the appel-lees did not carry this heavy burden and summary judgment was, therefore, improper.
*1213 Accordingly, we reverse the summary judgment for the appellees and remand for further proceedings.
PARKER and PATTERSON, JJ., concur.

. The appellant's reply brief contains an argument that the appellees have waived the protection of section 90.602. We need not and do not address that question.