GRIFFIN, Judge.
This is the appeal of a judgment impressing a constructive trust on proceeds of a life insurance policy. We reverse.
The basic facts of this case are not truly in dispute. On February 3,' 1994, Keith and Teresa Geiser were married to each other, but they were separated and Keith had filed for divorce. On that date, Keith met with Michael Soapes, an agent for Metropolitan Life Insurance Company. He was interested in obtaining a $50,000 life insurance policy with his children as beneficiaries. Soapes informed him that Metropolitan would not accept minor children as beneficiaries. Soapes explained to Keith that the children *60 could, however, receive the benefit of the proceeds through a trust arrangement. Soapes inquired whether Keith’s divorce lawyer was experienced in trust work, and Keith responded that he would see his lawyer the next week and would at that time discuss the matter. Keith expressed to Soapes that he wanted his mother — not his wife, Teresa — -to be the trustee of a trust which would benefit his children.
It was agreed that the application would be processed with Keith’s mother listed as beneficiary. Soapes expected the application to be approved within two or three weeks, which would allow Keith time to meet with a lawyer and set up a trust in favor of his children. Once the application was approved and the trust was active, the plan was that Keith would complete a form which would change the beneficiary from Keith’s mother to the trust, with his mother to be trustee.
With his application, Keith paid Soapes $46.10 toward the policy’s premium. This payment also allowed Keith to obtain a temporary insurance agreement whereby Metropolitan would pay the death benefit if Keith should die between the application and approval dates so long as the application would have been approved. Unfortunately, Keith Geiser died that very night in an automobile accident. Apparently he had taken no further steps that day toward the establishment of the intended trust.
Metropolitan honored the policy based on the temporary insuring agreement and offered Harriet, Keith’s mother, the $100,000 double indemnity benefit triggered by Keith’s accidental death. His wife, however, Teresa Geiser, brought suit in the circuit court individually and on behalf of her and Keith’s four minor children, seeking the imposition of a resulting or constructive trust on the insurance proceeds. Metropolitan then interpled the proceeds of the policy into the circuit court’s registry.
At the trial on the matter, both Harriet and Teresa testified that they had no knowledge of the insurance application until after Keith’s death. After hearing all of the evidence, the trial court denied Teresa’s claim for a resulting trust but granted the request to impose a constructive trust on the proceeds of the life insurance. Because we conclude that there was no evidence to support the creation of a constructive trust, we reverse.
Florida has long recognized the constructive trust as an equitable remedy. Said to have its inception in an “antagonistic relationship,” Wadlington v. Edwards, 92 So.2d 629, 632 (Fla.1957), a trust is “constructed” by a court of equity in order to prevent the unjust enrichment of one person at the expense of the other due to “fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.” Id. at 631. In the lower court, Teresa argued that a constructive trust could be properly found in this case due to “mistake.” The trial court agreed, finding:
A mistake was made by the agent of Metropolitan Life Insurance Company, Michael Soapes, in the interim contract in not effectuating the expressed intent and want as to the beneficiary. A constructive trust is therefore imposed on the life insurance proceeds for the use and benefit of the minor children of the decedent.
See In re Estate of Tolin, 622 So.2d 988, 990-91 (Fla.1993) (“Although this equitable remedy is usually limited to circumstances in which fraud or a breach of confidence has occurred, it is proper in cases in which one party has benefited by the mistake of another at the expense of a third party.”). Even if a constructive trust could be found based on the “mistake” made by a stranger to the trust relationship, there is no evidence in the record of any mistake.
The testimony by Soapes concerning Keith Geiser’s insurance application established that Keith originally sought to name his children as beneficiaries, but Soapes informed him that Metropolitan would not accept an application on which minors were so listed and that in order to have his mother be the beneficiary as trustee for the children, a trust would have to be in place. There was *61 no evidence offered that this was a mistake.[1] Soapes informed Keith that a trust could be used to make the children the beneficiaries of the insurance proceeds, and Keith was receptive to the idea. Soapes’ trial testimony established that the two agreed that the application would be processed to have a trust set up, and that following the approval of the application the beneficiary would be changed to Harriet as trustee for Keith’s children:
Q: When you indicated to Keith that you were not able to complete the application with the names of the minors as beneficiaries what was his response to that?
A: He wanted to know, you know,- who had to be on it.
Q: What did you tell him?
A: I told him it had to be somebody with what’s called an insurable interest, a spouse, a blood relative or somebody he was jointly in business with, whereas, you know, that person would have a need to cover a loss caused by his being deceased.
Q: And at that point that his mother was considered as a beneficiary?
A: Yes, that’s correct.
Q: As you discussed the issue with Keith was his intention to allow his mother to — -was it his intention, if you know, to allow his mother to have that money outright as hers?
A: [after objection overruled] Okay. What he expressed to me in the simplest terms was that he was going to set up a trust with his mother as the trustee. I don’t know the' exact reasons behind it. I don’t know what was going on with he and Teresa, but he wanted his mother to manage the trust and all monies were to the express benefit of his children.
[[Image here]]
Q: As a life insurance agent and in this case with Keith Geiser you’re discussing with him his insurance needs and he’s already told you he wants his children but you can’t meet that goal. Why not just stop the process right there and say go set up a trust and then we’ll do the application? Why didn’t you do that?
A: [after objection overruled] Well, the main reason is at that point in time it had been very difficult to get together with Keith. He was busy. We had set up two other appointments in the preceding days that one he had canceled because he was going to get to see the children. Another one he canceled because we [sic] was getting some repair work done on his house.
And I told him, you know, quite simply that once the policy was issued there would be a one-page document for his signature to change his mother as beneficiary to an active trust, and at least this way we would have everything in the works and by the time he had his trust in place I would probably have a policy for him.
[[Image here]]
Q: Based upon the language, beneficiary Harriet Geiser, the mother, all of the payments would be paid to Harriet with no limitations?
A: It was my understanding that when the policy came down he was going to immediately change it. That was in our case, in my working with Keith, that was a convenient way to have the policy issued without Teresa’s name on it.
Point blank, that’s what he wanted. He wanted somebody’s name there other than Teresa’s so that he could turn around and get a trust set up so that it would legally benefit directly to the children only.
Soapes’ testimony was clear and consistent, and he was the only person who testified concerning the making of the insurance application. We can find no evidence in the record that supports the notion that Soapes made a mistake in any fashion. In fact the question was put to him most directly by Teresa’s own attorney:
*62 Q: What about in terms of the application itself? You have simply placed on the application as beneficiary the name of Harriet Geiser. Were there any other options that you were aware of as an agent at that time which you could have filled in to perhaps accomplish his goal without having a formal trust set up?
A: Not that I know of or not that I was aware of at that time.
It is regrettable that Mr. Geiser’s intent was not able to be effectuated because of his almost immediate death. The lower court’s decision to give effect to his plan is understandable, but a constructive trust on the proceeds of the insurance is not available on the evidence presented. The court is bound to leave the parties as it finds them. The evidence shows Mr. Geiser understood that until the trust was created, his mother would stand as the beneficiary. If he chose her as interim beneficiary because he trusted her more than anyone else to care for his children with this money, it can only be hoped that his confidence was not misplaced.
REVERSED and REMANDED with instructions to enter judgment for appellant, Harriet Geiser.
THOMPSON, J., and PERRY, B., Associate Judge, concur.

. Counsel for
Plaintiff: Did you know for a fact that you could not have putten (sic) — could not have putten? I’m sorry. That you could not have put the name of the children there and a guardian would have been able to apply for the benefits?
Soapes: I know that Metropolitan would not have processed the form. I tried once before when I was very new to life insurance and I tried to put a fourteen year old’s name as a direct beneficiary and Metropolitan sent it back and said, no, we need somebody of age.