WELLS, Judge.
Marcela Delvalle Espriella appeals from a final judgment quieting title to real property in the name of her brother, Jacobo Delvalle, following involuntary dismissal of her partition and accounting action. On the following analysis, we reverse.
In 1977, Ayda Delvalle, Marcela and Ja-cobo’s mother, purchased a duplex located in southwest Miami-Dade County. Rather than taking title in her own name, Mrs. Delvalle, who resided in Cartagena, Columbia, had the duplex titled in the names of her daughter, Marcela, and Marcela’s husband at the time. In 1980, title was transferred to Mrs. Delvalle, and in 1992, Mrs. Delvalle executed a quit claim deed transferring title from herself alone to herself and her son, Jacobo, as joint tenants with right of survivorship.
In 1997, Marcela traveled to Cartagena, taking with her an unexecuted quit claim deed that she had obtained from a local attorney. The purpose of the deed, when executed, was to convey Mrs. Delvalle’s interest in the duplex to Marcela.
On April 8, 1997, an official from the Fifth Notary of Cartagena appeared at Mrs. Delvalle’s residence, along with two witnesses, and secured a signature on the quit claim deed. The official affixed Mrs. Delvalle’s fingerprints to the front of the deed and to the back of the deed next to a stamped block of text completed by the official. That stamped text stated that Mrs. Delvalle did not know how to sign the deed.* The notary also affixed an official ink seal of the Fifth Notary of Cartagena to the deed. The two witnesses also signed the deed, attesting to the fact that Mrs. Delvalle had signed, sealed and delivered the deed in their presence. The following day, a Vice Consul of the United States Consulate in Barranquilla authenticated the signature of the Colombian notary.
This quit claim deed subsequently was recorded in the Miami-Dade County property records. Approximately eight months after the quit claim deed was executed, Mrs. Delvalle died. In June, 1999, Marce-la filed suit against Jacobo seeking partition of the duplex and an accounting of funds relating to it. Jacobo counterclaimed alleging that the 1997 deed was invalid and sought to quiet title to the duplex pursuant to the earlier executed 1992 quit claim deed.
At trial, Marcela testified that she was present at her mother’s apartment in Cart-agena on April 8, 1997, with an official from the Fifth Notary of Cartagena and two subscribing witnesses when the deed was signed. Athough Marcela did not hear her mother say anything at the time the deed was being executed, she did observe the official from the notary office holding her mother’s hand, presumably to help her to sign. That deed was introduced into evidence.
Following this testimony, Marcela rested her case. The trial court, concluding that there was “no admissible testimony that the mother wanted this to be done,” granted an involuntary dismissal. Judgment was then entered invalidating the *676 April 8, 1997 deed to Marcela on the finding that the deed “was not executed according to the requirements of Florida Statutes sections 689.01 and 695.03(3).” Title to the property was quieted in Jaco- . bo. For the following reasons, we reverse.
Section 689.01 of the Florida Statutes in general provides that creation or transfer of an interest in Florida real property must be in writing and signed in the presence of two subscribing witnesses by the party creating or transferring the interest. Section 695.03 provides that instruments concerning real property must be “acknowledged by the party executing [the instrument], proved by a subscribing witness to it, or legalized or authenticated by a civil-law notary or notary public who affixes her or his official seal.” § 695.03(1), Fla. Stat. (2002) (emphasis added). In a foreign country, a “certificate legalizing or authenticating the signature of a person executing an instrument concerning real property and to which a civil-law notary or notary public of that country has affixed her or his official seal is sufficient as an acknowledgment.” § 695.03(3)Fla. Stat. (2002).
During her case in chief, Marcela introduced a recorded deed, executed in Columbia, to which a certificate of authentication was attached. That deed was presumptively valid and established a prima facie case. See Howell v. Fiore, 210 So.2d 253 (Fla. 2d DCA 1968) (confirming that there is a strong presumption in favor of validity of deeds as executed, a presumption that prevails until overcome by clear, strong and convincing evidence). Under the circumstances, Marcela’s action should not have been involuntarily dismissed. See Bottalico v. Antonelli, 695 So.2d 363 (Fla. 4th DCA 1997) (involuntary dismissal is properly entered only when the evidence, considered in a light most favorable to the non-moving party, fails to establish a pri-ma facie case on the non-moving party’s claim).
Accordingly, the order under review is reversed and the cause remanded to reopen the record and resume the bench trial.

 Appellant's testimony at trial indicated that her mother was "arthritic” and needed assistance in making her signature.