SILBERMAN, Judge,
Concurring specially.
I agree that reversal is required and make the following observations.
In Wadlington v. Edwards, 92 So.2d 629 (Fla.1957), the Florida Supreme Court discussed resulting and constructive trusts, as distinguished from express trusts. A resulting trust “automatically arises by operation of law out of certain circumstances.” Id. at 631. The parties must “actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent.” Id. Here, the evidence outlined the understanding between Mr. Bower and the Foundation but did not demonstrate their intent to create a trust relationship. To the contrary, the evidence confirmed that they did not wish to form a trust for specified reasons. Thus, the evidence did not support the creation of a resulting trust.
A constructive trust differs from a resulting trust in that
it is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement either oral or written to create the trust relationship is totally lacking. The trust is “constructed” by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.
Id,. The party seeking a constructive trust must prove the elements by clear and convincing evidence. Gersh v. Cofman, 769 So.2d 407, 409 (Fla. 4th DCA 2000); Abreu v. Amaro, 534 So.2d 771, 772 (Fla. 3d DCA 1988).
The trial court determined that the Foundation “would be unjustly enriched if it is now permitted to use the proceeds of the gifts of The Bower Foundation for its other charitable purpose, benefiting the adult disabled, or for any purpose other than the purpose which was intended.” *1227 However, the court did not make any findings that the Foundation committed fraud, exercised undue influence, or abused Mr. Bower’s confidence or that there was a mistake in the transaction between Mr. Bower and the Foundation. Further, the evidence would not support such conclusions. And absent evidence of that nature, the trial court’s finding of unjust enrichment is also unsupported.
Mr. Bower and the Foundation agreed that his donations would be for the benefit of the Step By Step program and would help to establish a facility for the use of the program. This intention was carried out, and Step By Step benefited for many years, but the Foundation eventually determined that it could not continue to provide rent-free use of the building to Step By Step.
Nothing in the record suggests that the Foundation obtained Mr. Bower’s donations through the use of fraud, undue influence, abuse of confidence, or mistake in the transaction. Instead, the record establishes that circumstances relating to the Foundation’s work and to the Step By Step program changed through the years. The operator of the Step By Step program had changed several times; the needs and goals of the Foundation had changed; and the continued influx of funds from other sources was required to maintain and operate the building in which Step By Step was located. The fact that these changes occurred does not support a conclusion that the Foundation acted improperly when it agreed with Mr. Bower as to the use of his donations. Because the evidence did not establish that the Foundation would be unjustly enriched absent the creation of a constructive trust, the trial court’s imposition of a constructive trust must fail.
Both the Foundation and Mr. Bower had expectations as to the use of his donations and the ongoing work of the Foundation and the Step By Step program. Unfortunately, long after Mr. Bower’s death and the dissolution of his own organization through which he undertook charitable works, a dispute arose as to the Foundation’s obligation to continue supporting the Step By Step program. This type of dispute may have been avoided through a more detailed understanding, appropriately documented, as to the parties’ intentions and expectations and the duration of any agreement obligating the Foundation to continue supporting the Step By Step program. Instead, this dispute has led to undoubtedly expensive, time-consuming litigation, which diverted precious resources from the charitable programs that the Foundation and Mr. Bower supported.