# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1068
Lower Tribunal No. 13-37818
_____


**Barry G. Marcinkewicz,**
Appellant/ Cross-Appellee,

vs.

**John Quattrocchi,**
Appellee/ Cross-Appellant.



An Appeal from the Circuit Court for Miami-Dade County, Victoria S. Sigler, Judge.

Billbrough & Marks, P.A., and G. Bart Billbrough, for appellant/cross-appellee.

Robert S. Korschun, for appellee/cross-appellant.


Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

In this case, a mother deeded a property to her son-in-law, with whom she lives, rather than to her son. The son-in-law sued to eject the son and the son counterclaimed to set aside the deed and have his equitable right to the property recognized. The trial court set aside the deed but rejected the son's claim of equitable ownership. We reverse the first ruling and affirm the second.

In 2007, the son relocated from Hawaii to Miami, as he testified, to move into his mother's house, the property at issue, to care for her with the understanding that his mother would someday give him the house. In 2009, the mother left her home and moved into the home of her daughter and son-in-law. The son remained at the property. Although the mother continued to pay all expenses for the property, the son took in tenants and kept the rent. In 2010, the mother was declared incompetent and a guardianship was established over her person and property with the daughter serving as guardian. The guardianship over the mother's property was dissolved in January 2012, but a limited guardianship over her person remained. The limited guardianship gave the daughter the power to determine the mother's medical care and place of residence.

In July 2013, the mother went to her attorney's office and directed him to prepare a deed quitclaiming the property to the son-in-law. The son-in-law testified that he was unaware that the mother was doing so. After receiving the deed, the son-in-law ordered the son to vacate the property, but the son refused. The son

2

maintained the mother always intended to give the property to him and had, in fact, already executed a deed in his favor, but he failed to produce any written evidence of such a deed. The son-in-law then filed an ejectment action against the son. The son, in turn, filed a counterclaim to have the deed cancelled, for malicious prosecution, and for a declaratory judgment as to his interest in the property.

After a non-jury trial in November 2014, the trial court determined that the mother was not competent at the time she executed the deed; the deed was consequently invalid; and without a valid deed, the son-in-law failed to prove the elements of ejectment. The trial court also found that the son "has no possessory rights in the subject property" and declared that "possession and control of the subject property is returned to its owner, [the mother]." The trial court further ordered the son to enter into a rental agreement with the mother or vacate the property. This appeal and cross-appeal followed. The son-in-law argues on appeal that the trial court erred in cancelling the quitclaim deed executed by the mother in his favor. The son, on the other hand, argues that the trial court erred by rejecting his claim for an equitable interest in the property.

We agree with the son-in-law that the trial court improperly cancelled the deed. In the first place, the trial court improperly reversed the burden of proof. The final judgment indicates that the trial court was under the impression that the son-in-law had the burden of proof. The final judgment reads:

3

> In order to prevail on action in ejectment, <u>a plaintiff must prove that the plaintiff holds a lawful title</u> and a right to immediate possession of the subject property.
>
> . . . .
>
> Having heard the testimony of the grantor, [mother], at the time of trial, the Court concludes that [mother] lacked the necessary mental capacity at the time of the execution of the deed to [son-in-law] on July 31, 2013.
>
> As such, the Court concludes that [son-in-law] <u>has failed in his burden of proof</u> as to the elements of ejectment.

While the trial court's order accurately states that the son-in-law, as plaintiff in the ejectment action, was required to prove that he had lawful title, the son-in-law met this burden by establishing he possessed the deed and consequent right to possession. The court erred when it shifted to the son-in-law the additional requirement of proving the mother had the mental capacity to sign the deed at the time the deed was executed. That fact is presumed once the existence of the deed is established. Because the son was challenging the validity of the deed, the son was required to shoulder the burden of proving the mother lacked the mental capacity to sign the deed. <u>See</u> <u>Parks v. Harden</u>, 130 So. 2d 626, 628 (Fla. 2d DCA 1961).

Not only did the son have the burden of proof, but the strong presumption in favor of the validity of deeds can only be overcome "by clear, strong and convincing evidence." <u>Espriella v. Delvalle</u>, 844 So. 2d 674, 676 (Fla. 3d DCA 2003) (citing <u>Howell v. Fiore</u>, 210 So. 2d 253, 256 (Fla. 2d DCA 1968)). In this

4

regard, the mother's mental capacity as grantor is presumed and must be overcome "by a preponderance of the evidence." Saks v. Smith, 145 So. 2d 895, 896 (Fla. 3d DCA 1962). The focus in any challenge to a grantor's mental capacity is on the grantor's capacity at the time the deed is executed:

> The burden rests on those seeking to set aside a deed on the ground of incapacity of the grantor at the time the instrument was executed. For it is the capacity of the grantor at the time the deed is executed and delivered that is controlling and his subsequent incapacity will not affect the deed.

Parks, 130 So. 2d at 628 (internal citation omitted) (emphasis added).

Here, there was evidence that the mother lacked the necessary mental capacity when she had a guardianship which was lifted in January 2012—some eighteen months before she signed the deed in July of 2013. There was also evidence that she lacked the necessary mental capacity at the time of trial in November 2014, some sixteen months after she signed the deed. But there was no evidence indicating that these episodes extended forward or backward in time to the moment she signed the deed. Instead, the only evidence regarding her state of mind when she signed the deed was the testimony of the lawyer who prepared the deed. He testified she was fully competent:

> Q: Well, in your opinion or your observation as far as whether you believed at the time when she prepared this document that she was under any undue influence or coercion?
>
> A: It was my opinion that she knew what she was doing. She had her faculties. I have known [mother] for ten, 15 years.

5

Q: She comes in every six months maybe and discusses various matters with me, always alone. I was extremely comfortable in preparing this under her instructions.

Q: So as far as you're concerned, she wasn't under any mental weakness of any kind?

A: No, sir, not at all.

In this record, no competent, substantial evidence supported the finding that the mother lacked the necessary mental capacity at the time she signed the deed. Indeed, the only evidence on this point was to the contrary.

Accordingly, we hold the deed to the son-in-law is valid. We reverse the final judgment entered against the son-in-law in the ejectment action. We reverse the return of the property to the mother. We affirm the portions of the final judgment finding that the son has no possessory or equitable interest in the property.

Affirmed in part, reversed in part, and remanded.