569 So.2d 766 (1990)
TREND SETTER VILLAS OF DEER CREEK, a Florida Corporation, Carl R. Trauger, Rose Karika, James Karika, Roseanne Trauger, Pamela Trauger, Closeburn Contracting Corporation, and Trend Setter Patio Homes of Deer Creek, Ltd., Appellants/Cross Appellees,
v.
VILLAS ON THE GREEN, INC., a Florida Corporation, Joseph E. Policastro, and David A. Hoines, Appellees/Cross Appellants.
Nos. 87-1193, 87-2228, 87-3219 and 88-0494.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
Rehearing Denied December 6, 1990.
*767 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellants/cross appellees  Trend Setter Villas of Deer Creek, Inc., Carl Trauger, Roseanne Trauger and Carl Trauger Enterprises, Inc.
Rhea P. Grossman of Rhea P. Grossman, P.A., Miami (withdrawn after filing brief), and Jerri A. Blair of Jerri A. Blair, P.A., Tavares, for appellants/cross appellees  Rose Karika and James Karika.
David A. Hoines of David A. Hoines, P.A., Fort Lauderdale, for appellees/cross appellants.
PER CURIAM.
This appeal is the culmination of nine years of litigation. We have carefully reviewed the extensive record and briefs which involve some fourteen points on appeal and two points on cross appeal. Accordingly, we now affirm in part and reverse and remand for a new trial only as to the issue of damages.
First, the interrogatory verdict form was at best confusing. Even after an indepth examination, we still could not determine whether the jury intended to award $300,000 or $1.5 million dollars to appellees. Consequently, we reverse that portion of the final judgment as it pertains to the award of damages against appellants and remand for a new trial solely on that issue. On remand, the trial court should first instruct the jury to determine the total amount of damages that appellees suffered. After that amount has been ascertained, the trial court's instruction should direct the jury to apportion the total award into separate awards for the individual counts that it concludes the evidence supports. Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1334 (Fla. 1986).
Second, the trial court erred when it entered a judgment which awarded both treble and punitive damages. In this regard, we find that the awards amounted to a double recovery and an excessive penalty. Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA), rev. denied, 518 So.2d 1277 (Fla. 1987). Accordingly, we reverse that part of the trial court's order with directions that appellees elect the remedy upon which they desire to seek recovery.
In the same vein, we reject appellants' argument that an award of treble damages was inappropriate in this case. Appellants are correct when they argue that a contract claim standing by itself will never support an award of treble damages. Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), pet. for review denied, 494 So.2d 1151 (Fla. 1986). Yet, the evidence clearly established an intricate sophisticated scheme of deceit and theft that amounted to much more than a simple breach of contract as appellants would lead this court to believe. Thus, we conclude that there was competent and substantial evidence that supported a finding of civil theft. We concur with the third district's analysis in Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987), and find it dispositive of this issue:
Moreover, we are not persuaded by the argument that no civil theft or conversion occurred in this case because there was a contractual relationship between the parties. The evidence shows a classic embezzlement by the defendant of an *768 escrow fund set up under a subscription agreement between the parties. That is, the defendant lawfully obtained possession of the plaintiff's funds to set up the escrow fund and thereafter converted the funds for his own use. This being so, the defendant, by his actions, committed an embezzlement, a civil theft and a conversion as well as a breach of contract... . We do not read Rosen ... to preclude this result... .
Id. at 556.
Third, we find that the trial court erred by imposing a constructive trust as to appellants Rose and James Karika on their general assets. A constructive trust may only be imposed where the res is specific identifiable property or can be clearly traced in assets of the defendant which are claimed by the party seeking relief. Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986). In the instant case, James Karika was never involved in any of Trauger's activities nor was he employed by Trauger or any of the corporation or partnerships. There was no allegation of fraud, racketeering, conspiracy or civil theft. There was no evidence presented that any specific property owned by Rose and James Karika was the subject of an inequitable transaction. Accordingly, we reverse that portion of the trial court's judgment as it pertains to this appellant.
In all other respects we find appellants' voluminous points raised on appeal to be without merit. In conclusion, we reverse and remand for a new trial as to the issue of damages and to the extent set forth in this opinion and reverse the imposition of a constructive trust as it applies to appellants Rose and James Karika. All other points are affirmed.
DELL, POLEN, JJ., and FRANK, RICHARD H., Associate Judge, concur.