769 So.2d 407 (2000)
Sol GERSH, Appellant,
v.
Morris COFMAN, et al., Appellees.
No. 4D99-166.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Rehearing Denied October 27, 2000.
*408 Scott Trell of Law Offices of Scott Trell, Miami, for appellant.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellees.
BAILEY, JENNIFER D., Associate Judge.
Sol Gersh ("Gersh") appeals from directed verdicts entered against him on two counts of his three-count complaint against defendants, Morris Cofman ("Cofman") and several of Cofman's family members. The relevant facts can be summarized as follows: Gersh and Cofman are cousins. In 1968, Gersh and Cofman took out a $175,000 bank loan to invest in a company called Setra Systems, Inc. They received 31,000 shares of Setra stock. In 1971, Gersh went into bankruptcy; Cofman then became responsible for the loan. Gersh's mother, Doris Krimsky, ("Krimsky") agreed to make Gersh's share of the payments on the loan in exchange for one-half of the profits or dividends from stock. Krimsky's shares (the "Krimsky stock") were held in Cofman's name, as director of Setra. Krimsky has since died, and Gersh is the sole beneficiary of her estate.
In 1974, Gersh and Cofman purchased additional Setra stock ("Jenkins stock") from another of the original investors, Charles Jenkins. The men made payments for 14 years, and ultimately obtained the stock certificates in 1989. In 1995, Gersh learned that Setra had recently made six dividend payments. He had not received any payments on his shares of the Jenkins stock. Upon further inquiry, he discovered that the dividend checks had been deposited into accounts which were controlled or owned by either Cofman or members of his family.
Gersh then inquired about the Krimsky stock. He learned that Cofman had sold some of those shares, and had received dividend payments on others. No payments were ever made to Krimsky, to her estate, or to Gersh. Gersh calculated that Cofman made approximately $1.5 million from those transactions.
Gersh sued Cofman for breach of contract, civil theft, and imposition of a constructive trust. He also joined Cofman's family members (as transferees of Setra stock now titled in their names), seeking to impose a constructive trust and/or obtain proceeds they had derived from those stocks. At the close of Gersh's case, the trial court directed a verdict for Cofman and his family on the civil theft and constructive trust claims. The jury then awarded Gersh $900,000 on the breach of contract claim for Cofman's breach of the agreement concerning the Krimsky stock. Gersh claims error in the entry of a directed verdict on two counts.
A directed verdict is proper only where there exists no evidence upon which a jury could find for the non-moving party. See generally Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168 (Fla. 4th DCA 1994). When considering a motion for directed verdict, the trial court must view the evidence, and all reasonable conclusions and inferences drawn therefrom, in the light most favorable to the non-moving party. Id. at 171. A case should *409 be taken from the jury only where there is no evidence upon which reasonable people could differ. See Plotch v. Gregory, 463 So.2d 432 (Fla. 4th DCA 1985). In reviewing the propriety of a directed verdict, the appellate court must, similarly, view all evidence in the light most favorable to the non-movant. See Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985).
In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent. See § 772.11, Fla. Stat. (1997); Country Manors Ass'n v. Master Antenna Sys., Inc., 534 So.2d 1187, 1191 (Fla. 4th DCA 1988). Where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of "an intricate sophisticated scheme of deceit and theft." Trend Setter Villas of Deer Creek v. Villas on Green, 569 So.2d 766, 767 (Fla. 4th DCA 1990).
With regard to Gersh's claim for civil theft, the evidence showed that Gersh did not sign the five dividend checks received on the Jenkins stocks; someone had forged his signature. Gersh established that the dividend checks had been mailed to a post-office box in Rhode Island, which was accessible by Cofman. Three of Gersh's dividend checks were deposited into Cofman's account; another was deposited into Cofman's wife's account; and another went into Cofman's son's account. Gersh further testified that, later, Cofman had apologized to Gersh for taking the five dividend checks in question. Viewing this evidence in the light most favorable to Gersh, a reasonable juror could have concluded that it was Cofman who forged Gersh's signature, and that he did so as part of an elaborate scheme to steal from Gersh, in violation of section 812.014(1)(a) and (b) of the Florida Statutes. Thus, the trial court erred in directing a verdict for Cofman on the civil theft count.
To impose a constructive trust, there must be clear and convincing proof of (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship, and (4) unjust enrichment. See Abreu v. Amaro, 534 So.2d 771, 772 (Fla. 3d DCA 1988). A constructive trust may be imposed only where the trust res is specific and identifiable property, or can be clearly traced in assets of the defendant. Trend Setter, 569 So.2d at 768. In this case, Gersh alleged that Cofman disposed of the Krimsky stock by selling some shares, and transferring others to his family. Gersh, therefore, sought a constructive trust against all Setra stock, stock options and profits derived therefrom held by Cofman and his family. However, there was no evidence establishing that the stock still held by the defendants was Krimsky stock. Multiple stock transactions had taken place, making it impossible to identify whether the remaining stock was Krimsky stock, Jenkins stock, or other stock. There was no evidence that any funds held by Cofman or his family derived from Krimsky stock. Thus, there was no specific and identifiable trust property that could be traced in the assets of the defendants. The trial court correctly directed a verdict for Cofman on the constructive trust count.
For the reasons stated, the judgment below is affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STEVENSON and GROSS, JJ., concur.