PER CURIAM.
 

 Mace David Howell (Howell) obtained two separate loans from two separate banks totaling $800,000. The loans were unsecured. Shortly after Howell obtained the loans, he died. Upon Howell’s death, both banks sought to recover their loans by having the trial court impose a constructive trust on property Howell allegedly used the funds to purchase. The trial court entered an order imposing a constructive trust in favor of the first of the two banks to loan the funds to Howell. Because neither bank was entitled to a constructive trust on the property, or res derived from the sale, we reverse.
 

 Facts
 

 On September 16, 2002, Bank of Salem loaned Howell $400,000 (the Bank of Salem Loan). On September 17, 2002, Bank of America loaned Howell $400,000 (the Bank of America Loan). Both banks claim they agreed to loan Howell money on the condition he purchase a specific condominium in Okaloosa County (the Condo) and later secure the respective loans with a mortgage on the Condo.
 

 Five days after Howell obtained the Bank of America loan, he purchased the Condo and recorded the deed. Less than one month later, Howell passed away. Both banks concede they are unable to
 
 *157
 
 demonstrate Howell agreed to secure either loan with a mortgage on the Condo. Upon Howell’s death, ownership of the Condo was transferred to the Howell Family Trust, located in the State of Arkansas.
 

 In December 2002, Bank of America filed a complaint against Howell’s estate seeking to “impress and foreclose an equitable mortgage, equitable lien and/or constructive trust” on the Condo. It also filed a lien
 
 lis pendens.
 

 On May 23, 2003, Bank of Salem filed an “Answer, Cross-claim and Counterclaim of Intervener” in Bank of America’s action, claiming to have “an equitable lien and interest” in the Condo and requesting “the impression of a constructive trust.” The trial court granted Bank of Salem’s request to intervene; after which, Bank of Salem also filed a lien
 
 lis pendens
 
 on the Condo.
 

 The liens
 
 lis pendens
 
 connected with the banks’ claims each expired one year after the date they were filed.
 
 See
 
 § 48.23(2), Fla. Stat. (2003). Neither party attempted to extend their lien.
 

 While the dispute over the Condo was pending in Florida, Bank of America initiated unrelated litigation in an Arkansas court, claiming the Howell Estate owed it a debt of over $2,000,000. In May 2003, the State of Arkansas awarded Bank of America a judgment totaling $2,068,142.84 against the Howell Estate and the Howell Family Trust, jointly and severally.
 
 [1]
 
 Bank of America sought to recover the $2,068,142.84 by forcing the sale of Howell Estate and Howell Family Trust owned assets.
 

 In March 2005, after both of the liens
 
 lis pendens
 
 the banks levied against the Condo had lapsed, Bank of America filed a certified copy of the Arkansas Judgment in the public records of Okaloosa County, Florida. On July 6, 2005, the Okaloosa County Sheriff executed the domesticated Arkansas Judgment, sold the Condo to a third-party bona fide purchaser, and distributed the proceeds of the sale to Bank of America in its capacity as judgment creditor under the Arkansas Judgment.
 

 In 2007, five years after it was permitted to intervene in Bank of America’s Action, and two years after the Condo was sold in the sheriffs sale, Bank of Salem filed a motion for summary judgment seeking an order “establishing and foreclosing” a constructive trust on either the Condo or the proceeds paid to Bank of America from the sheriffs sale. Specifically, Bank of Salem claimed it had rights identical to those of Bank of America and should be entitled to the proceeds from the sale of the Condo. Bank of America countered by arguing Bank of Salem had not established any right to an equitable lien on the Condo or a constructive trust over the proceeds of the sheriffs sale.
 

 The trial court entered summary judgment in favor of Bank of Salem, finding the $400,000 Bank of Salem loaned Howell were “funds traceable to the proceeds of the sheriffs sale that went to Bank of America.” Accordingly, it ordered Bank of America to pay the entire $400,000 to Bank of Salem. We disagree with the trial court’s ruling and find Bank of Salem failed to demonstrate it was entitled to a constructive trust over funds Bank of America recovered from the unrelated Arkansas judgment.
 

 
 *158
 
 Analysis
 

 Under Florida law, courts may impose a constructive trust where there is “clear and convincing proof of (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship, and (4) unjust enrichment.”
 
 Gersh v. Cofman,
 
 769 So.2d 407, 409 (Fla. 4th DCA 2000). Constructive trusts are used to prevent a party from being unjustly enriched through abuse of confidence, duress, or fraud.
 
 See Harrell v. Branson,
 
 344 So.2d 604, 605-7, (Fla. 1st DCA 1977). Accordingly, a constructive trust may be imposed only where the trust res is “specific and identifiable property,” or can be “clearly traced in assets of the defendant.”
 
 Gersh,
 
 at 409. Moreover, as a general rule, a mere promise of future conduct will not serve as a predicate for a claim of fraud sufficient to support the imposition of a constructive trust.
 
 See Palmer v. Santa Fe Healthcare Sys., Inc.,
 
 582 So.2d 1234, 1236 (Fla. 1st DCA 1991);
 
 Wadlington v. Continental Med. Servs., Inc.,
 
 907 So.2d 631, 632 (Fla. 4th DCA 2005).
 

 As noted, the trial court imposed a constructive trust on $400,000 of the proceeds Bank of America recovered from the sheriffs sale of the Condo and ordered Bank of America to pay that amount to Bank of Salem. We disagree with the court’s reasoning in reaching this conclusion.
 

 First, Bank of Salem has failed to show how its loan to Howell was used, or even intended to be used, to purchase the Condo. It is undisputed that both Bank of America and Bank of Salem each loaned Howell an unsecured $400,000. Although both banks originally maintained the respective loans were contingent on Howell purchasing the Condo and securing the loans with a mortgage on the Condo, both parties failed to demonstrate such. Further, Bank of Salem based its claim on mere allegations that Howell “promised” he would provide a mortgage on the Condo after he acquired it. Such allegations, which pertained only to promises of future conduct, are insufficient evidence of fraud to warrant a constructive trust.
 
 See Palmer,
 
 at 1236.
 

 Second, Bank of America was awarded the proceeds of the sale of the Condo pursuant to the Arkansas Judgment, which was separate and unrelated to the loans the bank made to Howell in Florida. When Howell died, his estate owed Bank of America over $2,000,000, not including the unsecured $400,000 Bank of America loaned him in September 2002. In an attempt to recover this $2,000,000, Bank of America obtained the Arkansas Judgment, giving it the right to force the sale of property belonging to Howell to recover debts owed to it by the Howell Estate. Because the Condo had passed to the Howell Estate upon Howell’s death, Bank of America was able to domesticate the Arkansas Judgment in Okaloosa County and force the sale of the Condo. Thus, the proceeds Bank of America received from the sale were derived from a separate judgment unrelated to the original $400,000 loan. Because Bank of Salem failed to demonstrate its loan was connected to the Condo and had no valid lien inhibiting the property at the time of the sale, it had no right to the proceeds of the sale.
 

 Third, any opportunity Bank of Salem had to prevent the Condo from being sold expired when it allowed its lien
 
 lis pendens
 
 against the Condo to lapse. In May 2003, Bank of Salem intervened in Bank of America’s action against Howell and filed a lien
 
 lis pendens
 
 on the Condo. One year later, the lien expired.
 
 See
 
 § 48.23(2), Fla. Stat. (2003). Bank of Salem did not attempt to renew or revive the
 
 *159
 
 lien. In fact, it waited until two years after the Condo was sold and five years after it filed its initial motion to intervene to seek summary judgment on this constructive trust issue.
 

 In sum, it is clear from the record that (1)Both banks loaned Howell an unsecured $400,000 and are unable to show the loans were contingent on Howell purchasing and mortgaging the Condo; (2) Bank of Salem failed to demonstrate Howell used the $400,000 to purchase the Condo; and (3) The proceeds of the Condo sale were paid to Bank of America pursuant to a separate Arkansas Judgment. Given the foregoing, Bank of Salem is not entitled to a constructive trust on the Condo or Condo res. Accordingly, we reverse the trial court’s order granting summary judgment in favor of Bank of Salem and remand for the trial court to take action consistent with this opinion.
 

 REVERSED.
 

 PADOVANO, HAWKES, and MARSTILLER, JJ., concur.
 

 [1]
 

 . The Arkansas Judgment
 
 (Bank of America v. David Howell, et al.,
 
 Pulaski Circuit No. 02-10782) was based on overdraft debts that the Howell Estate owed Bank of America on a separate bank account. The overdraft debts were unrelated to the Condo Unit or the unsecured $400,000 Bank of America loaned Howell in 2002.