DAVIS, Judge.
Julia Sinibaldi, pro se, challenges the February 18, 2010, final judgment awarding damages to Anthony Sinibaldi, individually, in an action he brought on behalf of Get Strong, Inc. Because the award of damages in the final judgment was ordered to be paid directly to Anthony, who was not an individual plaintiff in the action, we reverse the judgment and remand for further proceedings consistent with this opinion.
Julia holds seventy percent of the shares of Get Strong, and Anthony holds the remaining thirty percent of the shares. When the company sold its assets, Anthony alleges that despite his demand for an accounting, his share of the proceeds of the sale of the corporate assets was paid to Julia. Anthony, on behalf of the company, filed a derivative shareholder’s action against Get Strong and a breach of fiduciary duty action against Julia. Despite Anthony’s assertion that he amended his complaint through interlineation to include individual claims for relief, nothing in the record shows that any action other than the derivative actions on behalf of Get Strong were brought.
In his complaint, Anthony raises counts seeking an accounting pursuant to section 607.1330, Florida Statutes (2007), and for breach of fiduciary duty, presumably pursuant to section 607.07401. Under either statute, the action could only be brought on behalf of Get Strong because a complaint brought as a derivative action is by definition brought by a shareholder on behalf of a corporation. Cf. Orlinsky v. Patraka, 971 So.2d 796, 801-02 (Fla. 3d DCA 2007) (“[I]f the distribution by [the corporation] had been an illicit transfer or distribution, the proper course of action would be ... to file a shareholder derivation suit.... A shareholder must file a derivative action for breach of fiduciary duty, claiming that the payment of excessive compensation constitutes corporate waste.” (footnote omitted)); see also §§ 607.07401, .1330.
*74 Due to the limited nature of the record before this court and because all issues of liability were apparently resolved through the entry of a default judgment against Get Strong and Julia, we are unable to more specifically determine how the award of damages was intended by the trial court to apply to the determinations of liability or what the actual damages amount was intended to represent. But because it is clear that none of the claims were brought on behalf of Anthony individually, the judgment awarding him individual damages is reversible error.
Reversed and remanded.
KHOUZAM and MORRIS, JJ., Concur.