NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH E. ABDO; SOCIAL MEDIA, INC.; )
SOCIAL MEDIA LTD. LLC; and SOCIAL )
MEDIA, INC. LTD., )
                                               )
        Appellants, )
                                               )
v. )      Case Nos.   2D18-2270
                                              )                     2D18-2764
KHALIL ABDO, individually and as a )
shareholder of SOCIAL MEDIA, INC.; )   CONSOLIDATED
NADA ABDO QUILL; and MARIE ABDO )
SILVA, )
                                               )
        Appellees. )
_____)

Opinion filed August 7, 2019.    .

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Steven Scott Stephens, Judge.

Robert E. Biasotti of Biasotti Law, St.
Petersburg, for Appellants.

Craig L. Berman of Berman Law Firm,
P.A., St. Petersburg, for Appellees.


CASANUEVA, Judge.

        Appellants challenge two nonfinal orders entered after the close of

evidence in a bench trial involving a dispute between siblings over ownership of certain

websites and the income stream from those websites. Appellees claim an ownership

interest in six websites identified in the second amended complaint (the Websites) and entitlement to a portion of the income generated therefrom. They allege that their brother, Appellant Joseph E. Abdo, took sole control of the Websites and has failed to make required payments of income to Appellees.

The first order on appeal, entered on May 18, 2018, imposed a constructive trust over the income from the Websites and enjoined certain actions of Joseph E. Abdo. The second order, entered on June 29, 2018, appointed a trustee, identified the trust assets, and specified the powers of the trustee.[1] On December 21, 2018, this court held that the trial court did not have personal jurisdiction over two defendants, Social Media, Inc. Ltd. and Social Media Ltd. LLC, and thus erred in denying their motion to dismiss. Abdo v. Abdo, 263 So. 3d 141, 151 (Fla. 2d DCA 2018). A final judgment has yet to be entered in this case. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(c)(ii).

Because the order imposing constructive trust and the subsequent order appointing trustee exceed the purpose of a constructive trust and the remedy it affords and because the trial court lacked jurisdiction over two of the defendants which the orders seek to enjoin, we are compelled to reverse.

## I. PROCEDURAL HISTORY

The parties proceeded to trial on the second amended complaint, which alleged seven causes of action. After the close of evidence, only two causes of action remained: count I for declaratory action and count III for breach of fiduciary duty. Count

_____

[1]An order on trustee's motion for clarification was entered on December 31, 2018.

I, brought by all plaintiffs, sought a declaratory judgment establishing ownership of the Websites. Count III is a shareholder derivative action brought by Khalil Abdo on behalf of Social Media, Inc., alleging that Joseph E. Abdo violated the fiduciary duty owed to Social Media, Inc. and Khalil Abdo, as a shareholder, by transferring the Websites and related merchant accounts to Social Media, Inc. Ltd. and/or Social Media Ltd. LLC without approval or compensation.

In the order imposing constructive trust, the court found for the plaintiffs on count I and declared the ownership of the Websites as follows: legal title and equitable title were separated, legal title was transferred to Social Media, Inc., "and Joseph then transferred legal title to his own company, Social Media Ltd. But every transfer of legal title was subject to the siblings' beneficial interests, which exist to this day." The trial court also found for plaintiffs on count III and "impose[d] a constructive trust on the income from the websites identified in the second amended complaint."

## II. ANALYSIS

After careful review, we conclude that the constructive trust imposed by the trial court in the first order is overbroad and unsupported by the trial court's findings, and we conclude that the overreach in the first order is exacerbated by the second order on review, the order appointing trustee.

## A. THE FIRST ORDER

We first discuss the posttrial order imposing constructive trust. A constructive trust is a remedy, not an independent cause of action, and thus "it must be imposed based upon an established cause of action." Collinson v. Miller, 903 So. 2d 221, 228 (Fla. 2d DCA 2005); see also Swope Rodante, P.A. v. Harmon, 85 So. 3d 508,

- 3 -

511 (Fla. 2d DCA 2012).  As the trial court correctly noted, one such cause of action is breach of fiduciary duty.  See Williams v. Standford, 977 So. 2d 722, 730 (Fla. 1st DCA 2008) ("A constructive trust is an equitable remedy available in cases dealing with breaches of fiduciary duty . . . .").

A constructive trust serves two purposes: "to restore property to the rightful owner and to prevent unjust enrichment."  Brown v. Poole, 261 So. 3d 708, 710 (Fla. 5th DCA 2018) (quoting Provence v. Palm Beach Taverns, Inc., 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996)).  It "is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem."  Wadlington v. Edwards, 92 So. 2d 629, 631 (Fla. 1957); see also Caryl A. Yzenbaarda, George Gleason Bogert & George Taylor Bogert, The Law of Trusts and Trustees, § 471 (June 2018) ("The constructive trust may be defined as a device used by equity to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs.").

We conclude that the order imposing constructive trust is overbroad as to the parties benefiting from it and the entities enjoined by its terms.  The trial court created the constructive trust as a remedy for count III, breach of fiduciary duty, stating: "The court finds for plaintiffs on count III and imposes a constructive trust on the income from the websites identified in the second amended complaint."  Although the trial court found for the "plaintiffs" on count III, this count was brought only by Khalil Abdo, on behalf of Social Media, Inc., and the beneficiary of the claim is thus Social Media, Inc.  See § 607.07401, Fla. Stat. (2017); Provence, 676 So. 2d at 1024 ("A derivative action

- 4 -

is one in which a stockholder seeks to sustain in his own name a right of action existing in the corporation. Accordingly, the corporation is the real party in interest with the stockholder being only a nominal plaintiff." (citation omitted)).

Furthermore, as would later be held in Abdo, 263 So. 3d at 151, the trial court lacked jurisdiction over Social Media, Inc. Ltd. and Social Media Ltd. LLC, the defendants to whom the Websites were allegedly transferred. Because the court had no jurisdiction over Social Media, Inc. Ltd. and Social Media Ltd. LLC, the constructive trust cannot bind those entities or their assets. See Humphrey v. Deutsche Bank Nat'l Tr. Co., 113 So. 3d 1019, 1020 (Fla. 2d DCA 2013) ("[N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree." (alteration in original) (quoting Alger v. Peters, 88 So. 2d 903, 907 (Fla. 1956))).

Likewise, the scope of the trust assets, or res, is overbroad and undefined in the order imposing constructive trust. "The very essence of the remedy of constructive trust is the identification of specific property or funds as the res upon which the trust may be attached." Collinson, 903 So. 2d at 229. It "may be imposed only where the trust res is 'specific and identifiable property,' or can be 'clearly traced in assets of the defendant.' " Frieri v. Capital Inv. Servs., Inc., 194 So. 3d 451, 455 (Fla. 3d DCA 2016) (quoting Bank of Am. v. Bank of Salem, 48 So. 3d 155, 158 (Fla. 1st DCA 2010)). "The remedy is 'an extraordinary one,' subject to the discretion of the court and traditional equitable defenses." Joseph v. Chanin, 940 So. 2d 483, 487 (Fla. 4th DCA 2006) (quoting Collinson, 903 So. 2d at 228).

The constructive trust here is imposed on the income from the Websites, purportedly capturing the Websites' income stream that presently exists and will continue in the future. The order does not specify a dollar amount or calculation for the res, nor does it contain findings of fact tracing the res to assets of defendants the trust seeks to enjoin and over which the court has jurisdiction. More specificity is required, see Frieri, 194 So. 3d at 456 ("Without an identifiable res traceable to CIS's assets upon which a trust might be imposed, Frieri's claim for a constructive trust against CIS must fail."), particularly in this case where the rights of numerous entities are impacted and where full appellate review has been delayed by the procedure used.

### B. THE SECOND ORDER

In the second order on appeal, the order appointing trustee, the trial court provided a much more detailed description of the trust res than was provided in the order imposing the trust, which simply referenced "the income from the [W]ebsites." However, rather than narrowly identifying specific property or funds as the trust res, the second order expands the scope of the trust even further, casting a net over unspecified assets of nonparties.

In defining the "trust assets," the order includes, for example, "[i]nternet domains or subdomains referenced directly or indirectly in the Second Amended Complaint"; merchant services accounts, source codes, and computer infrastructure for such domains; "[a]ny asset purchased with monies generated or received by Social Media, Inc. or Social Media Ltd LLC since March 1, 2012"; "[a]ll income received or generated by any domain or subdomain"; "[a]ny asset held by or titled to any third-party in which the Abdo siblings now or at any time since March 1, 2012 held an equitable

- 6 -

interest, including but not limited to Social Media, Inc.; Social Media Ltd. LLC; Social Media Inc. Ltd; or Internacionale de Communicanes Mundial ('IDCM')";[2] "[a]ny asset of any Defendant or third-party insider that has been acquired or leased with any funds generated by any asset or entity in which the siblings now or in the past held an interest"; and "[a]ny funds received by any Defendant upon closing a merchant account."  This order empowers the trustee to employ third parties and "to have the powers, authorities, duties and rights and privileges of a receiver that are governed by Florida case law and common law and equitable principles that are consistent with the factual findings and legal conclusions in the Post-Trial Order."

In an effort to identify and corral the assets over which the court seeks to impose a constructive trust, the court seeks to empower the trustee with authority allowed to a receiver.  However, the record is silent as to the trial court's source of this authority.  Further, it does not appear that Appellants were given notice or an opportunity to be heard on such a matter.  In essence, the constructive trust morphed into a receivership, and it has done so without notice, hearing, or the necessary findings to support this extraordinary remedy.  See DeSilva v. First Cmty. Bank of Am., 42 So. 3d 285, 288-89 (Fla. 2d DCA 2010) (discussing the pleading and hearing requirements for appointment of a receiver); Plaza v. Plaza, 78 So. 3d 4, 6 (Fla. 3d DCA 2011) ("Appointing a receiver is a rare and extraordinary remedy. . . .  [I]t is an abuse of

_____

[2]IDCM is a Panamanian company that may have at one time held legal title to the Websites.  IDCM is not a named defendant in the second amended complaint, and any argument that it is nonetheless bound by the orders on a virtual representation theory was not presented below.

- 7 -

discretion to appoint a receiver in the absence of a showing that property is subject to a serious loss." (citation omitted)).  This was an abuse of discretion.

### III. CONCLUSION

To state the matter simply, the order imposing a constructive trust and the order appointing trustee far exceed the purpose of a constructive trust and the remedy it affords.  To be sure, the trial court was given a challenging task in this unusual case to make order out of chaos.  The flexible nature of a constructive trust may well make it an appropriate remedy for doing equity in this case.  See Collinson, 903 So. 2d at 228 (noting the flexibility available in the remedy of a constructive trust to do equity between parties); Jensen v. Jensen, 824 So. 2d 315, 321 (Fla. 1st DCA 2002) (using a constructive trust essentially as a deferred distribution plan "because it was the most practical method of distributing the unvested stock options" that were not yet capable of being valued); see also Browning v. Browning, 784 So. 2d 1145, 1148 (Fla. 2d DCA 2001) (noting that a constructive trust may be imposed even against a recipient of funds who did not participate in the wrongful conduct).  However, we reiterate that the remedy of a constructive trust is an extraordinary one that must be employed with caution and precision.  See Collinson, 903 So. 2d at 228.  Here, the constructive trust is overbroad as to the entities it attempts to enjoin, the assets it seeks to control, and the powers it grants to the trustee.  Accordingly, we reverse the orders on appeal and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.


ROTHSTEIN-YOUAKIM, J., Concurs.
SALARIO, J., Concurs with opinion.

SALARIO, Judge, Concurring.

Although I concur in the majority's reasoning and result—a remand for further proceedings—I am concerned that the use of the shareholders' derivative claim pleaded in count three of the second amended complaint to afford relief in this case will ultimately prove improper in its entirety.  It is axiomatic that a derivative suit is one brought by a shareholder in the name of the corporation to vindicate a right belonging to the corporation and to secure a remedy for the benefit of the corporation.  See § 607.07401(1), (2) (describing a shareholders' derivative action as one "brought in the right of a corporation"); Sinibaldi v. Sinibaldi ex rel. Get Strong, Inc., 100 So. 3d 72, 73 (Fla. 2d DCA 2011) ("[A] derivative action is by definition brought by a shareholder on behalf of a corporation."); Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 388  (Fla. 4th DCA 1999) ("A derivative suit is an action in which a stockholder seeks to enforce a corporate right or to prevent or remedy a wrong to the corporation, where the corporation . . . fails and refuses to take appropriate action for its own protection."); 3A William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations, § 1041.10 (2019) ("A derivative action is a suit brought by shareholders to compel the corporation to bring an action enforcing the corporation's own rights against its fiduciaries or third persons.").  Thus, in this case, a shareholders' derivative claim would be properly used to allege that Joseph Abdo breached fiduciary duties owed to Social Media, Inc. and to provide Social Media, Inc. a remedy for that breach.  And for the most part, count three as pleaded reflects that basic understanding of how a

- 9 -

derivative claim works: It seeks an award of damages for breaches of fiduciary duties owed to Social Media, Inc.

The trial court's order imposing a constructive trust, however, does something profoundly different.  It describes a dispute between Joseph Abdo, on the one hand, and his siblings, Khalil Abdo, Nada Abdo Quill, and Marie Abdo Silva, on the other, concerning ownership of website assets.  Instead of finding a breach of a fiduciary obligation to Social Media, Inc., the order finds that Joseph Abdo owed and breached "a fiduciary duty to his brothers and sisters to act for their benefit."  And instead of providing a remedy to Social Media, Inc., it imposes a constructive trust for the benefit of the siblings.  The trial court's order contains no factual or legal justification for the use of a derivative claim to write a victory for private persons who are not the corporation in whose name suit was brought.  And at oral argument, counsel for the siblings was unable to offer a coherent explanation for it.  (That is not to fault counsel, who argued capably; it is just proof that the result is difficult to explain.)

It is hard for me to see how a remedy anything close to what the trial court fashioned here could properly be awarded on the derivative claim that was pleaded and tried.  Among other problems, the trial court's order finds that it was a breach of Joseph Abdo's fiduciary duties to the siblings to transfer the website assets to Social Media, Inc. in the first place and gives rise to a remedy to benefit the siblings, not the company.  See Sinibaldi, 100 So. 3d at 74 (holding that trial court erred in awarding an individual shareholder damages for breach of fiduciary duty in a claim lodged as a derivative action).  Based on the arguments made by the parties here and the possibility that the declaratory judgment on count one might provide a basis for additional relief, see §

- 10 -

86.061, Fla. Stat. (2017), I agree that further proceedings are appropriate.[3]  The majority opinion correctly holds, however, that count three "was brought only by Khalil Abdo, on behalf of Social Media, Inc, and the beneficiary of the claim is thus Social Media, Inc."  To the extent relief is sought on remand on count three, this point should be front and center, and to the extent any relief is awarded on that count, it should be accompanied by findings that explain how and why such relief is appropriate on a derivative claim so that this court can meaningfully review the decision on appeal.  See, e.g., Bailey v. St. Louis, 196 So. 3d 375, 377 (Fla. 2d DCA 2016) (reversing damages awarded after a nonjury trial where the trial court provided no explanation for its award, thus disabling this court's ability to review it).

---

[3]There is, I think, a separate question as to whether the pleadings upon which this case was tried permit the trial court to award relief resembling what it awarded here.  See Musi v. Credo, 44 Fla. L. Weekly D281, D282-83 (Fla. 3d DCA Jan. 23, 2019) (holding that a trial court errs in awarding relief that is neither pleaded nor tried by consent); Chambliss v. Benedikter, 941 So. 2d 589, 591 (Fla. 4th DCA 2006) (same).  The majority expresses no opinion on that question, however, and neither do I.