21-1209 (L)
United States of America v. Romano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-three.

PRESENT:
>
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

United States of America,

    *Appellee,*

    v.

Jason Mosca, AKA Stan, AKA Walter,

21-1209 (L), 21-1271 (Con), 21-2585 (Con), 22-223 (Con), 22-701 (Con)*

---

* 21-1209 (L) was withdrawn by order filed January 10, 2022.

AKA Jeff, AKA Jay, Jarret Stretch, AKA John Murphy, Michael Scott Schutzman, AKA Mike Scott, AKA Steve Burman, AKA Dennis, AKA Josh Tyler, AKA Todd Evans,

*Defendants*,

Michael Romano, William Kearney, AKA Ed Thompson, AKA George,

*Defendants-Appellants*,

Karen Kearney, Jeanne Romano,

*Movants-Appellants.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Kevin Trowel, Diane C. Leonardo, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Central Islip, NY. |
| **FOR DEFENDANT-APPELLANT MICHAEL ROMANO:** | Michael Romano, pro se, Fairton, NJ. |
| **FOR DEFENDANT-APPELLANT WILLIAM KEARNEY:** | William Kearney, pro se, Lindenhurst, NY. |

2

**FOR MOVANT-APPELLANT**
**KAREN KEARNEY:**

Karen S. Kearney, pro se, East Islip, NY.

**FOR MOVANT-APPELLANT**
**JEANNE ROMANO:**

Matthew Gilmartin, North Olmsted, OH.

Appeal from a judgment and orders of the United States District Court for the Eastern District of New York (Dora Irizarry, *Judge*; Vera M. Scanlon, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court on defendants' forfeiture is **AFFIRMED**. It is further **ORDERED** that the district court orders for third party petitions are **VACATED and REMANDED.**

William Kearney and Michael Romano, proceeding *pro se*, appeal the district court's order which adopted the magistrate judge's report and recommendation on forfeiture. Jeanne Romano, through counsel, and Karen Kearney, proceeding *pro se*, separately appeal district court orders granting the Government's motions to dismiss their third-party forfeiture petitions under 21 U.S.C. § 853 in which they claimed a legal interest in certain real property subject to forfeiture. We assume

3

the parties' familiarity with the underlying facts and the issues on appeal, as well as our prior decision on the initial direct appeal. *See generally United States v. Romano*, 794 F.3d 317 (2d Cir. 2015).

## I. Mail and Wire Fraud Conspiracy Forfeiture

In a forfeiture context, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Daugerdas*, 892 F.3d 545, 552 (2d Cir. 2018).

The appellants' main argument is that the district court incorrectly ordered gross-proceeds forfeiture under 18 U.S.C. § 981(a)(2)(A) instead of net-proceeds forfeiture under 18 U.S.C. § 981(a)(2)(B). "[C]ases involving illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes," trigger subsection (A) whereas "cases involving lawful goods or lawful services that are sold or provided in an illegal manner" are covered by subsection (B). The Defendants rely on cases finding a clear distinction between subsection (A), which is appropriate for cases involving inherently unlawful activities, and subsection (B), which is generally appropriate in cases in which lawful goods or services were sold or provided in an unlawful manner. *See United States v. Bodouva*, 853 F.3d 76,

4

79–80 (2d Cir. 2017) (per curiam).  Because the scheme in this case involved the sale of gold coins—a lawful good—the Defendants argue that subsection (B) applies.  We disagree.

The cases relied on by the Defendants do not address the key language in subsection (A): cases "involving . . . telemarketing . . . schemes."  The conduct for which the defendants were convicted was not generic "illegal services [or] unlawful activities," but rather a kind of conduct specifically enumerated in subsection (A).  The district court did not err when it found that William Kearney and Michael Romano engaged in a telemarketing scheme.  Accordingly, since the conduct in question fell within the specific language of subsection (A), we affirm the district court's order of gross proceeds forfeiture.[1]

## II.  Third-Party Claims

We also conclude that Karen Kearney and Jeanne Romano's third-party petitions were dismissed prematurely.  Third party claims to assets seized at

---

[1] Therefore, we do not reach the district court's holding that the forfeiture was also proper under 18 U.S.C. § 982 for property involved in the money laundering conspiracy for which defendants were convicted.

forfeiture are governed by 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(c). We apply the normal rules of civil procedure to petitions under § 853 and consider them under the familiar Fed. R. Civ. P. 12(b)(6) standard. *Daugerdas*, 892 F.3d at 552. To survive a motion to dismiss, a petition "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

To state a plausible claim under § 853(n)(6)(A), a third party must state that she "has a legal right, title, or interest in the property" that "was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). We have held that partial forfeiture is possible when property interests of third parties are at stake. *See Pacheco v. Serendensky*, 393 F.3d 348, 354–55 (2d Cir. 2004).

Karen Kearney and Jeanne Romano's ownership interests at forfeiture are determined by state law. *See United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015). With respect to Karen Kearney's home, the district court presumed, without deciding, that the Government obtained an interest superior to Karen Kearney's

6

interest and the interest of her ex-husband, one of the defendants in this case. In her counseled petition and *pro se* opposition to the Government's motion, Karen Kearney argued that she had a separate vested interest and a superior interest under New York law.

In New York, married couples generally own their homes in a tenancy by the entirety. *See Citibank, N.A. as Tr. of NRZ Pass-Through Tr. VI v. Gifford*, 168 N.Y.S. 3d 192, 195 (N.Y. App. Div. 2022); *see also* N.Y. EST. POWERS & TRUSTS LAW § 6-2.2(b) (McKinney 2019). A tenancy by the entirety may be converted into a tenancy in common only under certain conditions, including by joint conveyance or divorce, at which point a spouse will own their share as a tenant in common. *In re Est. of Violi*, 65 N.Y.2d 392, 395 (1985). Karen Kearney divorced her husband in September 2020. Under a tenancy-in-common, cotenants each possess an equal right to enjoy the whole property. *See Myers v. Bartholomew*, 91 N.Y.2d 630, 632–33 (1998).

In the circumstances here, the mere fact that the property was bought in part with tainted funds would not necessarily preclude Karen Kearney from plausibly stating a superior ownership interest in her own share of the property under New

7

York law as either a tenant by the entirety or a tenant in common, whichever applies. *See, e.g.*, *United States v. Bangiyeva*, 75 F.4th 445, 456–58 (4th Cir. 2023) (describing property rights of an innocent spouse who holds property in a tenancy by the entirety). Under New York law, Karen Kearney plausibly asserted a claim that she had a property interest that was vested in her rather than the defendant. Binding case law does not preclude the plausibility of her claim. Accordingly, we vacate and remand the order dismissing Karen Kearney's third-party petition.

Jeanne Romano's petition was also dismissed prematurely. Under Florida law, a constructive trust is an equitable remedy that converts a title holder into a trustee when property "has been acquired by fraud, or where, though acquired originally without fraud it is against equity that it should be retained by him who holds it." *Maio v. Clarke*, 255 So.3d 369, 371 (Fla. Dist. Ct. App. 2018) (quoting *Provence v. Palm Beach Taverns, Inc.*, 676 So.2d 1022, 1025 (Fla Dist. Ct. App. 1996)). "[C]ourts may impose a constructive trust where there is clear and convincing proof of (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship, and (4) unjust enrichment." *Bank of Am. v. Bank of Salem*, 48 So.3d 155, 158 (Fla. Dist. Ct. App. 2010) (internal quotation marks

8

and citation omitted).

Jeanne Romano filed a third-party petition asserting that she paid for her home with the help of a 2003 mortgage and the approximately $143,000 in funds that she received from her son as a loan for home improvements but that she subsequently repaid. She asserts that she has continued to pay all expenses on the property. Jeanne Romano later transferred the title, on the advice of counsel, to Michael Romano in what counsel advised her to be a constructive trust. The district court dismissed Jeanne Romano's petition reasoning that she failed to state plausibly an interest in the property, thus apparently discrediting the credibility of these assertions. Accepting Jeanne Romano's petition as true, as we must, she plausibly stated the terms of a constructive trust under Florida law, including that it would be "against equity" for Michael Romano to retain possession of the property in order to satisfy part of his forfeiture. *Silva v. de la Noval*, 307 So.3d 131, 134 (Fla. Dist. Ct. App. 2020).

Jeanne Romano has also plausibly pleaded that she has a superior interest in the property. Revised Final Order of Forfeiture, 1, February 18, 2022; *Daugerdas*, 892 F.3d at 548 ("[C]riminal forfeiture is an *in personam* action in which only the

defendant's interest in the property may be forfeited.") (citation omitted). If the district court determines that Jeanne Romano has standing, the district court must determine what interest Michael Romano had in the property under Florida law. We therefore vacate and remand the order dismissing Jeanne Romano's third-party petition.

We have considered the parties' remaining arguments and find them to be without merit or unavailing. Accordingly, we **AFFIRM** the order of the district court on defendants' forfeiture, **VACATE** orders dismissing the third-party petitions, and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10